**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BIANCA KAYLENE RUIZ,

     Appellant,

v.

JACOB RYAN RUIZ; VIRGIL WAYNE
HARDCASTLE,

     Appellees.

No. 22-4092
(D.C. No. 2:22-CV-00223-DBB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

_____

Bianca Ruiz, proceeding pro se, filed an adversary proceeding in her

bankruptcy case alleging her separated husband, Jacob Ruiz, and his attorney,

Virgil Hardcastle, violated the automatic stay by pursuing reimbursement for

payments Mr. Ruiz made on a joint car loan.  The bankruptcy court dismissed for

failure to state a claim, and the district court upheld the dismissal.  Exercising

jurisdiction under 28 U.S.C. §§ 158(d) and 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## BACKGROUND

In 2017, Ms. Ruiz and Mr. Ruiz entered into a joint loan agreement with a credit union to finance the purchase of a 2013 Audi (the Car Loan). The Car Loan required them to pay $506.85 per month for 60 months.

In 2019, Ms. Ruiz and Mr. Ruiz began divorce proceedings in California state court. In June 2021, the California court ordered Mr. Ruiz to pay Ms. Ruiz $1,890 per month in spousal and child support. It also ordered him to pay support that was in arrears. The state-court order did not address the Car Loan.

Because Ms. Ruiz had possession of the Audi, Mr. Ruiz believed it was her responsibility to make the payments. Ms. Ruiz made a payment in June 2021 but no payments in July and August. The credit union therefore withdrew the July and August payments from Mr. Ruiz's account. It later refunded the August payment, but not the July payment. On October 4, 2021, Mr. Ruiz, acting through Mr. Hardcastle, moved in the divorce proceeding for an order that Ms. Ruiz was responsible for the Car Loan payments and that she must reimburse him for the July payment.

On November 10, Ms. Ruiz filed her bankruptcy petition. She notified Mr. Ruiz and Mr. Hardcastle of the filing on November 12.

Two weeks later, in a declaration dated November 23, Mr. Ruiz informed the state court that he had made the Car Loan payments for October and November. He requested that if Ms. Ruiz was not going to make the payments, either the Audi be returned to him so he could sell it to pay the Car Loan, or that the court allow him to pay the Car Loan directly and set off those payments against his support obligation.

At a hearing on December 7, Mr. Hardcastle informed the California court that Mr. Ruiz had thus far made three loan payments and reiterated the request to set off the payments against Mr. Ruiz's support obligation, including the amount in arrears. The state court ordered Mr. Ruiz to pay the Car Loan and authorized him to take a dollar-for-dollar credit against his support obligation for such payments.

On January 3, 2022, Ms. Ruiz learned the Department of Child Support Services (DCSS) had reduced her support arrearage of $1,798.32 to $0. In January, February, and March, she received less than $1,890 per month in support.

In January 2022, Ms. Ruiz commenced her adversary proceeding, asserting that Mr. Ruiz's and Mr. Hardcastle's state-court efforts to collect the Car Loan payments from her violated the automatic stay. After allowing Ms. Ruiz to file a second amended complaint (SAC), the bankruptcy court granted the defendants' motion to dismiss the SAC for failure to state a claim. Applying 11 U.S.C. § 362(b)(2)(A)(ii), which excepts "the commencement or continuation of a civil action or proceeding . . . for the establishment or modification of an order for domestic support obligations," it held the automatic stay did not bar the defendants' state-court activities.

Ms. Ruiz then appealed to the district court. That court upheld the dismissal, but on a different ground than the bankruptcy court. Instead of applying § 362(b)(2)(A)(ii), the district court held the SAC failed to state a claim because it did not allege sufficient facts to show Mr. Ruiz had a pre-petition claim against Ms. Ruiz. Ms. Ruiz now appeals to this court.

3

**DISCUSSION**

### I.    Standards of Review

"Though this appeal comes to us from the district court, we review a bankruptcy court's decisions independently," *WD Equip., LLC v. Cowen* (*In re Cowen*), 849 F.3d 943, 947 (10th Cir. 2017) (brackets and internal quotation marks omitted), "apply[ing] the same standards of review as those governing appellate review in other cases," *Rajala v. Spencer Fane LLP* (*In re Generation Res. Holding Co.*), 964 F.3d 958, 965 (10th Cir. 2020) (internal quotation marks omitted). We thus review de novo the bankruptcy court's decision on the motion to dismiss. *See id.*

"In ruling on a motion to dismiss for failure to state a claim, all well-pleaded *facts*, as distinguished from conclusory allegations, must be taken as true, and the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." *Id.* (brackets and internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"We typically consider only the contents of the complaint" when considering a motion to dismiss for failure to state a claim. *Goodwill Indus. of Cent. Okla., Inc. v. Philadelphia Indem. Ins. Co.*, 21 F.4th 704, 709 (10th Cir. 2021) (internal quotation

marks omitted), *cert. denied*, 142 S. Ct. 2779 (2022). "But we also will consider documents incorporated by reference in the complaint and documents referred to in and central to the complaint, when no party disputes their authenticity." *Id.* (brackets and internal quotation marks omitted).

As a pro se party, Ms. Ruiz is entitled to a liberal construction of her filings. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). The defendants also appear pro se, but we do not liberally construe their joint filings because Mr. Hardcastle is an attorney. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

## II.    "Domestic Support Obligations" Exception

The filing of a bankruptcy petition automatically stays most litigation and collection proceedings, including "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(6). But the stay does not apply to all proceedings. *See id.* § 362(b). As stated, in this case, the bankruptcy court applied an exception for "the commencement or continuation of a civil action or proceeding . . . for the establishment or modification of an order for domestic support obligations." *Id.* § 362(b)(2)(A)(ii).

Ms. Ruiz argues that the proceeding at issue did not involve a "domestic support obligation," as that term is defined by the bankruptcy code. Under the code's definition, there are four parts to a "domestic support obligation." We quote only the portions relevant here. First, it must be "a debt . . . that is . . . owed to or recoverable

5

by . . . a spouse, former spouse, or child of the debtor or such child's parent . . . ." 11 U.S.C. § 101(14A)(A).[1]  Second, the debt must be "in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent . . . ."  *Id.* § 101(14A)(B).  Third, the debt must be "established or subject to establishment . . . by reason of applicable provisions of . . . a separation agreement, divorce decree, or property settlement agreement [or] an order of a court of record."  *Id.* § 101(14A)(C).  And fourth, the debt is "not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily . . . for the purpose of collecting the debt."  *Id.* § 101(14A)(D).

Ms. Ruiz views the "debt" at issue as her obligation to repay Mr. Ruiz for the Car Loan.  Under this view, although the "debt" (the Car Loan) would be "owed to" the "spouse [or] former spouse . . . of the debtor" (Mr. Ruiz), she argues that subsection (B) cannot be satisfied, because the "debt" is not in the nature of support or maintenance *for Mr. Ruiz.  See Taylor v. Taylor* (*In re Taylor*), 737 F.3d 670, 679 (10th Cir. 2013) ("[P]ursuant to the plain language defining 'domestic support obligation,' the debt must be in the nature of support to the creditor-spouse[.]").

Another way of looking at the case, however, is that the "debt" at issue is Mr. Ruiz's monthly support obligation.  Under this rubric, the "debt" (the support

---

[1] "The term 'debtor' means person or municipality concerning which a case under this title has been commenced."  11 U.S.C. § 101(13).  We read this provision to mean that as used in § 101(14A)(A)(i), the phrase "a spouse, former spouse, or child of the debtor" means a spouse, former spouse, or child of the person who is the subject of the bankruptcy petition—here, of Ms. Ruiz.

obligation) is "owed to or recoverable by" a "child of the debtor or such child's parent" (the Ruizes' children or Ms. Ruiz). And that "debt" would be "in the nature of . . . maintenance[] or support . . . of such . . . child of the debtor or such child's parent," as required by subsection (B).

While this appeal was pending, the California Court of Appeal took this approach in Ms. Ruiz's appeal of the state-court order modifying the support obligation. *See In re Marriage of Ruiz*, Nos. F083648, F083942, 2023 WL 3111840 (Cal. Ct. App. Apr. 27, 2023) (unpublished). There, Ms. Ruiz argued that the state court lacked jurisdiction to modify the support order because the matter was a core proceeding in bankruptcy. *See id.* at *4. The California appellate court applied the exception to conclude the state court had jurisdiction:

> We have no doubt the court's order crediting [Mr. Ruiz] for car payments is a domestic support obligation. In arguing otherwise, [Ms. Ruiz] principally relies on *In re Taylor* (10th Cir. 2013) 737 F.3d 670 (*Taylor*). Her reliance is misplaced.
>
> [Ms. Ruiz] reads *Taylor, supra*, and 11 U.S.C. section 101(14A) to mean a "a debt must be in the nature of support to the 'spouse of the debtor'" to qualify as a domestic support obligation. Her reading entirely ignores the fact a domestic support obligation is also defined to include debts "owed to or recoverable by" "a ... child of the debtor or such child's parent" and "in the nature of alimony, maintenance, or support of such ... child of the debtor or such child's parent ...." (11 U.S.C. § 101(14A).)
>
> [Mr. Ruiz's] court ordered support payments are a "debt" owed to children of the debtor and such children's parent, i.e., [Ms. Ruiz] and her children. Those support payments are literally support payments, i.e., in the nature of alimony, maintenance, and support. Accordingly, the court did not lack jurisdiction to modify the support orders.

*Id.* at *5.

Like the California Court of Appeal, we view the "debt" that was the subject of the state-court proceeding as the support obligation that Mr. Ruiz owed to Ms. Ruiz. Accordingly, Mr. Ruiz sought to modify a "debt" (the support obligation) "owed to or recoverable by" a "child of the debtor or such child's parent" (the Ruizes' children or Ms. Ruiz). And that "debt" was "in the nature of alimony, maintenance, or support . . . of such . . . child of the debtor or such child's parent." The support obligation was "established or subject to establishment" by the California court in the Ruizes' divorce proceeding. And nothing indicates the support obligation was assigned to a nongovernmental entity. Therefore, as a matter of statutory interpretation, the state-court proceeding to modify Mr. Ruiz's support obligation met the terms of § 362(b)(2)(A)(ii), and Ms. Ruiz failed to plead a plausible claim that Mr. Ruiz and Mr. Hardcastle violated the automatic stay.

**CONCLUSION**

We affirm the district court's judgment.[2]

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[2] We grant Ms. Ruiz's motion to supplement the record on appeal, which Mr. Hardcastle joined, and direct the Clerk to compile the original complaint and first amended complaint in a supplemental record on appeal. We also grant Ms. Ruiz's motions to proceed on appeal without prepayment of costs and fees and to file an untimely reply brief. We deny her motion to take judicial notice as unnecessary in light of our directive to compile a supplemental record on appeal.